UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAY CHEN,<br><br>        Plaintiff,<br><br>    v.<br><br>XIYAN ZHANG, et al.,<br><br>        Defendants. | Case No. 24-cv-03942-JST<br><br>**ORDER GRANTING MOTION TO TRANSFER**<br><br>Re: ECF No. 5 |

Before the Court is Defendants Xiyan Zhang, Eagle Trading USA LLC ("Eagle Trading"), and Ameriway Corporation's ("Ameriway") (collectively, "Defendants") motion for transfer of venue to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a) or, alternatively, the first-to-file rule. ECF No. 5. The Court will grant the motion.

**I.   BACKGROUND**

    **A.   Factual Background[1]**

Plaintiff May Chen is the sole proprietor of Ability Customs Brokers ("Ability Customs")—a U.S. customs broker located in Oakland, California. ECF No. 1-1 ¶ 8. Ability Customs "offers services for importing goods into the U.S. including but not limited to U.S. Customs clearance, bond coverage, transportation, and cargo insurance." *Id.*

On April 7, 2017, Defendant Xiyan Zhang emailed Chen to retain the services of Ability Customs for importation and U.S. customs clearance. *Id.* ¶ 9. Chen alleges that Zhang signed a

---

[1] The Court repeats the facts as alleged in the complaint without adopting them as accurate or true.

"Power of Attorney" as the COO of Eagle Trading[2] to retain Chen's services. *Id.* ¶¶ 11, 14. The Power of Attorney stated that Eagle Trading appointed Chen doing business as Ability Customs to provide a list of certain services for the importation of goods and "generally to transact Customs business." *Id.* ¶ 11. Chen alleges that Zhang was the contact and authorized representative for Eagle Trading as well as an agent transacting on behalf of Ameriway, a third-party logistics company that provides transportation and import services for exporters in China. *Id.* ¶ 18–20; ECF No. 5 at 4–5. Chen also alleges that Zhang provided her with documentation listing an individual named Shiping Jia as "the responsible member" for Eagle Trading. ECF No. 1-1 ¶ 15.

According to Chen, by late August 2019, Zhang fell behind on payments to Chen, and the parties discussed setting a payment plan. *Id.* ¶¶ 26–27. On September 19, 2019, Chen emailed Zhang to "request payment on past overdue invoices based on a payment schedule installment plan of a weekly $10,000 payment." *Id.* ¶ 29. The next day, Zhang responded through email to explain that it "had always been our intention to make full payments of all your outstanding invoices" but that it was "difficult to have an accelerated payment to pay of all open invoices at once on such a short notice." *Id.* ¶ 30. He added that although he recalled discussing "some possible payment plans such as a fixed amount per week," he and Chen "did not reach any agreement." *Id.* As of the date of the complaint, Chen seeks $380,567.23 from Zhang in late payments. *Id.* ¶ 33.

**B.     The S.D.N.Y. Cases**

Four years prior to the filing of this case, Ameriway filed a lawsuit against Chen and Ability Customs, Inc. in the United States District Court for the Southern District of New York on October 10, 2019. ECF No. 5-5 at 5; *Ameriway Corp. v. Chen*, No. 19-cv-9407-VSB (S.D.N.Y.) ("*Ameriway*"). There, Ameriway asserted claims arising from the same underlying set of transactions between Ameriway, Eagle, and Chen doing business as Ability Customs between April 2017 and August 2019 as those in this case. *See Ameriway Corp. v. Chen*, No. 19-cv-9407-VSB (S.D.N.Y. Oct. 10, 2019), ECF No. 1. More specifically, Ameriway alleged that it retained

---

[2] While the parties do not provide any clear description of Eagle Trading, it appears to be an import-export business incorporated in Delaware with a principal place of business in Philadelphia, Pennsylvania. *Id.* ¶¶ 3, 11.

1  Ability Customs to provide customs clearance services beginning in April 2017 until July 2019.
2  *Id.* at 3. Ameriway alleged that in August 2019, Chen illegally and fraudulently had a carrier
3  detain Ameriway's cargo containers bound for the Port of New York. *Id.* at 3–9. Ameriway
4  asserted claims for (1) conversion, (2) tortious interference with business relationship and
5  prospective economic advantage, (3) unfair business practices, (4) defamation, (5) fraud, and (6)
6  breach of fiduciary duty. *Id.* at 9–13.

7  In May 2020, Chen and Ability Customs filed their answer and asserted counterclaims
8  against Ameriway for: (1) implied guarantee of payment, (2) guarantee of payment, (3)
9  misrepresentation, (4) fraud in the inducement, and (5) declaratory judgment as to Ameriway's
10 liability under the invoiced issued by Chen to Eagle Trading. *See* ECF No. 5-3 at 6–16. Chen
11 sought damages in the sum of $407,369.73 for the unpaid invoices issued to Eagle, on the theory
12 that Ameriway was a guarantor of those payments. *See id.* at 10. Chen next filed a third-party
13 complaint against Eagle, Zhang, and Shiping Jia in July 2020, asserting eight causes of action,
14 which included the same five as those raised in her counterclaims as well as breach of contract,
15 unjust enrichment, and "account stated." ECF No. 5-4 at 2–19.

16 The defendants to the third-party complaint filed a motion to dismiss for failure to state a
17 claim, and Chen never filed a response to the motion to dismiss. On December 27, 2021, the court
18 considered the motion to be unopposed but nevertheless decided the motion "on its merits" and
19 dismissed each of Chen's third-party complaint claims under Rule 12(b)(6). ECF No. 5-5 at 9–13.

20 Chen next initiated another lawsuit against Eagle, Xiyan Zhang, and Shiping Jia on
21 January 25, 2022, also in the Southern District of New York. *See* ECF No. 5-7 at 4; *Chen v. Eagle*
22 *Trading USA, LLC et al.*, No. 22-cv-658 (VSB) (S.D.N.Y. Jan. 25, 2022). Chen asserted claims
23 for breach of contract, account stated, quantum meruit, piercing Eagle's corporate veil, guaranty of
24 payment, misrepresentation, and fraud in the inducement. ECF No. 5-7 at 4. These claims largely
25 duplicated those raised in her third-party complaint, and the action was related to *Ameriway*. *Id.*
26 On April 9, 2024, the court granted the defendants' motion to dismiss for the lack of subject
27 matter jurisdiction, as Chen failed to adequately allege the complete diversity of citizenship
28 between the parties. *Id.* at 7. That same day, the court also denied Chen's separate motion for

United States District Court
Northern District of California

3

1    reconsideration regarding the December 27, 2021 order.  ECF No. 5-8.

2        Chen has since appealed both the December 27, 2021 order and the April 9, 2024 order
3    denying her motion for reconsideration.  *See* ECF No. 5-9.  The *Ameriway* case remains ongoing,
4    and Defendants assert that discovery has been under way.  ECF No. 5 at 12.

### C. Procedural Background

6        Chen filed this case in Alameda Superior Court on December 29, 2023.  *See* ECF No. 1-1.
7    Defendants then removed the case to this Court on June 30, 2024.  ECF No. 1.  A week later,
8    Defendants filed the motion to transfer currently before the Court.  ECF No. 5.

9        Chen did not file any response to the motion to transfer.  Instead, Chen moved for leave to
10   amend her complaint under 28 U.S.C. § 1447(e), seeking to substitute a DOE defendant with a
11   non-diverse defendant—iPEL, Inc., an entity with its principal place of business in California.
12   ECF No. 9 at 7.

13       On July 29, 2024, the Court issued an order to show cause regarding Chen's failure to file
14   either an opposition or a statement of nonopposition.  ECF No. 17.  Chen responded to the order to
15   show cause contending that the Court "must rule on jurisdictional issues first, as a threshold
16   matter, before looking at the merits of the case," and asked that the Court rule on her motion for
17   leave to amend her complaint.  ECF No. 18 at 1.  Given the procedural history in the *Ameriway*
18   litigation, this was not Chen's first time failing to respond to a potentially dispositive motion in
19   litigation involving the underlying facts here.

20       Accordingly, the Court will treat Defendants' motion to transfer as unopposed but examine
21   each of the factors for whether a transfer of venue is appropriate.

## II. JURISDICTION

23       The Court has jurisdiction over this matter under 28 U.S.C. § 1332(a).

## III. LEGAL STANDARD

25       The well-established "first-to-file" rule allows a district court to transfer, stay, or dismiss
26   an action when a similar complaint has been filed in another federal court.  *Alltrade, Inc. v.*
27   *Uniweld Prods. Inc.*, 946 F.2d 622, 623 (9th Cir. 1991).  A district court examines three threshold
28   factors in deciding whether to apply the first-to-file rule: (1) the chronology of the two actions, (2)

4

the similarity of the parties, and (3) the similarity of the issues. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982); *Alltrade*, 946 F.2d at 625–26. "The principle underlying the federal comity doctrine is 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Benson v. JPMorgan Chase Bank, N.A.*, No. C-09-5272 EMC, 2010 WL 1445532, at *2 (N.D. Cal. Apr. 7, 2010) (quoting *Pacesetter Systems*, 678 F.2d at 94–95).[3]

## IV.   DISCUSSION

### A.   Threshold Factors

The first factor, chronology, weighs in favor of applying the first-to-file rule because the *Ameriway* lawsuit was filed first by more than four years. *Compare* ECF No. 1-1 (Dec. 29, 2023) *with Ameriway*, ECF No. 1 (Oct. 10, 2019).

The second factor, similarity of parties, also weighs in favor of applying the rule. The parties need only be "substantially similar," not identical. *Kohn Law Group, Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015) (citations omitted). The current case involves claims by Chen against Zhang, Eagle Trading, and Ameriway. The *Ameriway* lawsuit involves claims by Ameriway against Chen and Ability Customs, counterclaims by Chen and Ability Customs against Ameriway, and third-party claims by Chen and Ability Customs against Zhang, Eagle Trading, and Jia. Although in slightly different combinations, the same parties are involved in the two lawsuits.

Finally, the similarity of issues factor also weighs in favor of applying the first-to-file rule. Like the parties, the issues "need not be identical, only substantially similar." *Kohn*, 787 F.3d at 1240 (citations omitted). In both the *Ameriway* lawsuit and the case here, the claims all stem from transactions between Ameriway and Chen between April 2017 and August 2019 wherein Chen provided customs clearing services through Ability Customs to Ameriway. Chen asserts legal theories and claims in this case that are completely duplicative as those that she asserted through her counterclaims and third-party complaint in the *Ameriway* case. Both cases are clearly based

---

[3] Because this Court grants Defendants' motion to transfer based on the first-to-file rule, it need not address Defendants' other arguments regarding transfer under 28 U.S.C. § 1404(a).

on an identical core of factual allegations and seek comparable damages. "[T]he first-to-file rule does not require identical issues, so long as the actions are substantially similar or involve substantial overlap." *Red v. Unilever United States, Inc.*, No. 09-07855 MMM (AGRX), 2010 WL 11515197, at *5 (C.D. Cal. Jan. 25, 2010); *see also Pedro v. Millennium Prod., Inc.*, No. 15-CV-05253-MMC, 2016 WL 3029681, at *5 (N.D. Cal. May 27, 2016) ("[W]here claims in the earlier and later-filed lawsuits implicate 'common fact[s]' . . . , courts have found those lawsuits present similar issues.") (citing *Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1149 (E.D. Cal. 2010)); *Bozic v. Uijl*, No. 16-CV-733-BAS(MDD), 2017 WL 432878, at *6 (S.D. Cal. Jan. 31, 2017) (finding test satisfied where claims "substantially overlapped").

Because these cases satisfy all three factors, the first-to-file rule applies.

### B.     Equitable Considerations

The first-to-file rule "is primarily meant to alleviate the burden placed on the federal judiciary by duplicative litigation and to prevent the possibility of conflicting judgments." *Selection Mgmt. Sys., Inc. v. Torus Specialty Ins. Co.*, No. 4:15-CV-05445-YGR, 2016 WL 304781, at *2 (N.D. Cal. Jan. 26, 2016) (citing *Church of Scientology of California v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979), *overruled on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987 (9th Cir. 2016)). For that reason, "the rule 'should not be disregarded lightly.'" *Id.* (quoting *Microchip Tech., Inc. v. United Module Corp.*, No. 10-CV-04241, 2011 WL 2669627, at *3 (N.D. Cal. July 7, 2011)).

The Court has considered the equitable exceptions to the first-to-file rule and finds that none of them apply here. There is no evidence of bad faith, anticipatory filing, or forum shopping. As for the balance of convenience, "normally the forum non conveniens argument should be addressed to the court in the first-filed action," although it can be appropriate "for the court in the second-filed action to give consideration to the convenience of the parties and witnesses." *Pacesetter*, 678 F.2d at 96. Here, the Court does not identify any *additional* expenses or inconvenience that Chen would suffer if the case were litigated in New York. Indeed, Chen has already been litigating her defenses, counterclaims, affirmative claims, and appeals—including a case she voluntarily initiated against largely the same defendants—for the past four years in the

1  Southern District of New York without raising any argument as to venue or personal jurisdiction.
2  *See generally Ameriway*.
3        The Court finds that any potential, minor inconvenience to Chen is greatly outweighed by
4  "the importance of conservation of judicial resources and the comprehensive disposition of
5  litigation." *CRU Acquisition Grp., LLC v. Mykey Tech. Inc.*, No. 3:11-CV-05743-RBL, 2012 WL
6  441293, at *1 (W.D. Wash. Feb. 10, 2012); *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d
7  1093, 1102 (N.D. Cal. 2006) ("Additionally, to transfer the suit to New Jersey would further the
8  first-to-file rule's purpose of promoting efficiency and avoiding the duplication of litigation.").
9  Accordingly, "because the Court finds that the balance of convenience is neutral or at most only
10 slightly more favorable to the California forum, it declines to exercise its discretion to depart from
11 the first to file rule here." *Am. Newland Communities, L.P. v. Axis Specialty Ins. Co.*, No.
12 11CV1217 JLS WMC, 2011 WL 5359335, at *4 (S.D. Cal. Nov. 7, 2011).

### C. Dismiss, Stay, or Transfer

14       After determining that the first-to-file rule applies, the Court must decide whether to
15 dismiss, stay, or transfer the case. *Alltrade*, 946 F.3d at 623. District courts have broad discretion
16 in making this decision. *Clardy v. Pinnacle Foods Grp.*, LLC, No. 16-CV-04385-JST, 2017 WL
17 57310, at *2–3 (N.D. Cal. Jan. 5, 2017) (citations omitted). A transfer is the most appropriate
18 option in this case because it would be inefficient to have two lawsuits involving substantially the
19 same parties and issues proceed separately in two separate courts. *See Bodley v. Whirlpool Corp.*,
20 No. 17-CV-05436-JST, 2018 WL 2357640, at *3 (N.D. Cal. May 24, 2018). Proceeding
21 individually would "waste judicial resources [and] require duplicative efforts by both parties." *Id.*
22 (quoting *Henry v. Home Depot U.S.A., Inc.*, No. 14-cv-04858-JST, 2016 WL 4538365, at *5 (N.D.
23 Cal. Aug. 31, 2016)).
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

# CONCLUSION

For the foregoing reasons, Defendants' motion to transfer is granted, and the instant case is transferred to the Southern District of New York.

**IT IS SO ORDERED.**

Dated: November 25, 2024



JON S. TIGAR
United States District Judge